UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER MICHAEL PATTERSON,<br><br>                                Petitioner,<br>        v.<br><br>BRIAN WILLIAMS, SR., et al.,<br><br>                                Respondents. | Case No. 2:20-cv-01267-GMN-NJK<br><br>**ORDER TO SHOW CAUSE** |

*Pro se* Petitioner Christopher Michael Patterson, a Nevada state prisoner, has filed a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254. This habeas matter is before the Court on for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, Patterson is ordered to show cause in writing why his federal petition should not be dismissed as time-barred. He must also resolve the filing fee.[2]

**BACKGROUND**

Patterson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada ("state court"). *State of Nevada v. Patterson*, Case No. C-11-277884-1.[3] Following a seven-day trial, a jury found Patterson guilty of kidnapping, sexual assault, battery, open or gross lewdness, and child abuse or neglect. On September 29, 2015, the state court entered a judgment of conviction. Patterson filed a direct appeal. On March 31, 2017, the Nevada Court of Appeals affirmed Patterson's conviction. *Patterson v. State of Nevada*, Case No. 68917. His conviction became final under federal law on June 29, 2017, when the time expired

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Patterson also filed a Motion for Appointment of Counsel (ECF No. 1-2). The Court defers consideration of the motion until after he has responded to the order to show cause and resolved the filing fee.

[3] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. Those docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

for him to file a petition for writ of certiorari with the Supreme Court of the United States.

On December 19, 2018, Patterson filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. The state petition was denied as untimely, and Patterson appealed. The Nevada Court of Appeals affirmed the denial of relief, and a remittitur issued in April 2020. *Patterson v. State of Nevada*, Case No. 78687-COA.

Patterson represents that he mailed, or handed to a correctional officer for the purpose of mailing, his federal petition on July 3, 2020, initiating this case. (ECF No. 1-1 at 1, 11.)

## **DISCUSSION**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

### I. ORDER TO SHOW CAUSE REGARDING TIME-BAR

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court has entered judgment or the Nevada Supreme Court has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, an untimely state petition is not "properly filed" and thus does not toll the federal statute of limitations. *Pace v. DiGuglielmo*,

544 U.S. 408, 417 (2005).

Patterson's conviction became final under AEDPA on June 29, 2017, after the Nevada Court of Appeals decided his direct appeal and the time expired for filing a petition for writ of certiorari with the United States Supreme Court.[4]  The AEDPA statute of limitations began running the following day.  Absent another basis for tolling or delayed accrual, the AEDPA deadline expired 365 days later on June 29, 2018.  Although Patterson filed the state petition on December 19, 2018, it was filed nearly six months after the expiration of the AEDPA limitations period and thus could not have tolled an already expired deadline.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Even if the state petition had been filed before the AEDPA statute of limitations expired, however, it would not have tolled the federal deadline because the state petition was untimely and the state court and denied as such.  Because the state petition was not timely under Nevada law, it was not "properly filed" for the purposes of tolling the AEDPA deadline.  *See Pace*, 544 U.S. at 417.  Therefore, without another basis for tolling or delayed accrual, the AEDPA deadline expired on June 29, 2018, and Patterson's federal petition, filed over two years later, is untimely on its face.  Accordingly, Patterson must show cause why his petition should not be dismissed with prejudice as time-barred under § 2244(d).

Patterson is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation omitted)).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065.  He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v.*

---

[4] There is no indication that Patterson filed a petition for writ of certiorari.

*Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Att'y General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In addition, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

If Patterson seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual, factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

## II. PATTERSON'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Turning to the filing fee, any person who is unable to prepay the fees in a civil case may request permission to proceed *in forma pauperis* ("IFP"). 28 U.S.C. § 1915; LSR 1-1, LSR 1-2. Indigent prisoners who do not have the money to pay the five dollar ($5.00) filing fee for a habeas petition may apply for IFP status. A prisoner's IFP application must be submitted on the form provided by the court and include specific financial documents. *Id.* The Local Rules of Practice and § 1915 specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them. *Id.*

Here, Patterson has requested IFP status to waive his filing fee; however, his IFP application is incomplete. He did not submit a financial certificate signed by an authorized officer at the Nevada Department of Corrections or a certified copy of his inmate trust account statement for the six-month period preceding this habeas action. Although Patterson may qualify for IFP status, the Court cannot make that determination because he has not submitted a complete IFP application. Patterson's IFP application is therefore denied without prejudice and he has 30 days

to submit a new IFP application or pay the $5 filing fee.

**IT IS THEREFORE ORDERED:**

1. Petitioner Christopher Michael Patterson must **SHOW CAUSE IN WRITING by September 3, 2020**, why this action should not be dismissed as untimely. If Patterson does not timely respond to this order, the petition will be dismissed with prejudice and without further advance notice. If Patterson responds but fails to show with specific, detailed, and competent evidence why the petition should not be dismissed as untimely, the petition will be dismissed with prejudice.

2. Any assertions of fact Patterson makes in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence Patterson filed in the federal record. Patterson must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

3. Patterson's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED without prejudice**.

4. The Clerk of Court shall RETAIN Patterson's Petition for Writ of Habeas Corpus (ECF No. 1-1), and MAIL Patterson a blank IFP application for incarcerated litigants along with instructions for completing the application.

5. Patterson must FILE a completed IFP application on or before **September 3, 2020**, and must include: (i) a financial certificate signed by an authorized prison official and Patterson, (ii) a financial affidavit and acknowledgement signed by Patterson, and (iii) a statement of his inmate trust account for the six-month period prior to filing. Alternatively, Patterson must pay the $5.00 filing fee on or before **September 3, 2020**.

6. Patterson's failure to comply with this Order by submitting a completed IFP application with the required documents, *or* paying the $5.00 filing fee, before the **September 3,**

**2020** deadline will result in the dismissal of the petition without prejudice and without further advance notice.

DATED: July 21, 2020

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

United States District Court

# DISTRICT OF NEVADA

_____

**Plaintiff/Petitioner,**

v.

_____

**Defendant/Respondent,**

**APPLICATION TO PROCEED
*IN FORMA PAUPERIS
FOR INMATE***

**CASE NUMBER:**

I, _____, declare that I am the (*check the appropriate box*)

| | | | |
|---|---|---|---|
| \_\_ | Plaintiff (filing 42 U.S.C. § 1983) | \_\_ | Movant (filing 28 U.S.C. § 2255 motion) |
| \_\_ | Petitioner (writ of habeas corpus 28 U.S.C. §§ 2254 or 2241) | \_\_ | Other |
| | | \_\_ | Defendant/Respondent |

in this case. I am unable to prepay the fees of this proceeding or give security because of my poverty. I acknowledge and consent that a portion of any recovery, as directed by the court, shall be paid to the clerk for reimbursement of all fees incurred by me as a result of being granted leave to proceed *in forma pauperis*.

In further support of this application, I answer the following questions:

1. Are you presently employed?   \_\_Yes   \_\_No

    a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer. (List gross and net salary.)

    b. If the answer is "no," state the date of last employment and the amount of the salary or wages per month which you received.

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession or other form of self-employment?   \_\_Yes   \_\_No

|   |   |   |   |
|---|---|---|---|
| b. | Rent payments, interest or dividends? | __ Yes | __ No |
| c. | Pensions, annuities or life insurance payments? | __ Yes | __ No |
| d. | Gifts or inheritances? | __Yes | __No |
| e. | Any other sources? | __Yes | __No |

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

3. Do you own any cash, or do you have money in checking or savings accounts (include any funds in prison accounts, and any funds on deposit with a bank, saving & loan, etc., outside the prison) ?
   __ Yes          __No

   If the answer is "yes," state the total value and list the location of each account, type of account, and amount or balance in the account. Do not include your account number(s).

4. Do you own or have any interest in any real estate, stocks, bonds, notes, trusts, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?
   __ Yes          __No

   If the answer is "yes," describe the property, its location and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support each month.

6. Do you receive any income from disability, Social Security or any other pension?
   __ Yes          __No

   If the answer is "yes," describe the source and amount received each month.

7. Have you placed any property, assets or money in the name or custody of anyone else in the last two years?
   __ Yes          __No

   If the answer is "yes," give the date, describe the property, assets or money, give the name of the person given custody of the item and the reason for the transfer.

# ACKNOWLEDGMENT

I, the undersigned, acknowledge that I have read the foregoing and that the information contained therein is true and correct to my own knowledge and belief.

Further, I state that I have not directly or indirectly paid or caused to be paid to any inmate, agent of an inmate, or family member of any inmate a sum of money, favors or anything else for assistance in the preparation of this document or any other document in connection with this action.

Further, I acknowledge that if any of the information included in this motion for leave to proceed *in forma pauperis* is false or misleading, I understand that sanctions may be imposed against me. Those sanctions may include, but are not limited to, the following:

(1) dismissal of my case with prejudice;
(2) imposition of monetary sanctions;
(3) the Nevada Department of Prisons may bring disciplinary proceedings for a violation of MJ-48 of the Code of Penal Discipline, which can include all sanctions authorized under the Code including the loss of good time credits and punitive confinement; and
(4) perjury charges.

Further, I hereby authorize the United States District Court, District of Nevada, or its representative, to investigate my financial status, and authorize any individual, corporation, or governmental entity to release any such information to the said Court or its representative.

Further, I acknowledge and consent that a portion of any recovery, as directed by the court, shall be paid to the clerk for reimbursement of all fees and costs incurred by me as a result of being granted leave to proceed *in forma pauperis*.

Dated this _____ day of _____, 20 ____.

_____
(Signature of Applicant)

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Signed at _____          _____
(Location)                                                        (Signature)

_____                                _____
(Date)                                                                    (Inmate Prison Number)

3

# **FINANCIAL CERTIFICATE**

I request that an authorized officer of the institution in which I am confined, or other designated entity, such as Inmate Services for the Nevada Department of Prisons (NDOC), complete the below Financial Certificate.

I understand that:

(1) if I commence a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, the filing fee is $5.00, and that such fee will have to be paid by me if the court denies my *in forma pauperis* application;

(2) if I commence a civil rights action in federal court pursuant to 42 U.S.C. § 1983, the filing fee is $400.00 (which includes the $350 filing fee and a $50 administrative fee), which I must pay in full; and

(a) if my current account balance (line #1 below) is $400.00 or more, I will not qualify for *in forma pauperis* status and I must pay the full filing fee of $400.00 before I will be allowed to proceed with the action;

(b) if I do **NOT** have $400.00 in my account as reflected on line #1 below, before I will be allowed to proceed with an action I will be required to pay 20% of my average monthly balance (line #2 below), or the average monthly deposits to my account (line #3 below), whichever is greater, and thereafter I must pay installments of 20% of the preceding month's deposits to my account in months that my account balance exceeds $10.00 (if I am in the custody of the NDOC, I hereby authorize the NDOC to make such deductions from deposits to my account, and I further understand that if I have a prison job, then the 20% of my paycheck that is guaranteed to me as spendable money will be sent to the court for payment of the filing fee); and

(c) I must continue to make installment payments until the $350.00 filing fee is fully paid, without regard to whether my action is closed or my release from confinement. The $50 administrative fee will be waived only if I am granted permission to proceed *in forma pauperis*.

Type of action (check one):   ____civil rights      ____ habeas corpus

_____          _____
INMATE NAME (printed)                                    SIGNATURE & PRISON NUMBER

-------------------------------

1. CURRENT ACCOUNT BALANCE                                          _____

2. AVERAGE MONTHLY BALANCE*                                      _____

3. AVERAGE MONTHLY DEPOSITS*                                      _____

4. FILING FEE (based on #1, #2 or #3, whichever is greater)       _____

* for the past six (6) months, from all sources, including amount in any savings account that is in excess of minimum amount that must be maintained

-------------------------------

I hereby certify that as of this date, the above financial information is accurate for the above named inmate.
**(Please sign in ink in a)**
**(color other than black.)**                                               _____
                                                                                          AUTHORIZED OFFICER

_____                                  _____
      DATE                                                                                      TITLE

4