# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER MICHAEL PATTERSON,<br><br>  Petitioner,<br>v.<br><br>BRIAN WILLIAMS, SR., et al.,<br><br>  Respondents. | Case No. 2:20-cv-01267-GMN-NJK<br><br>**ORDER** |

This habeas matter is before the Court on Petitioner Christopher Michael Patterson's Motion for Appointment of Counsel (ECF Nos.[1] 1-2, 4), renewed Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 6), and Response to Show Cause Order (ECF No. 5).

Patterson's new IFP application submits a financial certificate signed by an authorized officer at the Nevada Department of Corrections and certified copy of his inmate trust account statement for the six-month period preceding this habeas action, which were missing from the prior IFP application. He qualifies for pauper status and his IFP application is thus granted.

Patterson also seeks appointed counsel to assist him in this habeas action. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

---

[1] In its Order to Show Cause (ECF No. 3), the Court deferred consideration of Patterson's Motion for Appointment of Counsel (ECF No. 1-2) until after he responded and resolved the filing fee.

Here, the Court finds that the interests of justice require the appointment of counsel. Patterson represents that he suffers from multiple mental health conditions. He is also serving lengthy prison sentences, including life with the possibility of parole. Additionally, the grounds for relief alleged in this action, including an actual innocence claim, as well as the statute of limitations issue identified in the Court's Order to Show Cause, suggest that this may be a relatively complex case. Accordingly, the Court grants Patterson's motions and provisionally appoints the Federal Public Defender as counsel.

On July 21, 2020, the Court ordered Patterson to show cause why his petition should not be dismissed as untimely. (ECF No. 3.) In response, Patterson asserts that he should be allowed to move forward with his petition because he is actually innocent, prosecutors withheld evidence, witnesses have recanted their testimony, and his trial counsel was ineffective. (ECF No. 5). The Court finds that the claim of actual innocence, and other potential defenses to the statute of limitations issue, would benefit from further briefing and the complete state court record. Accordingly, the Court will direct electronic service of the petition, but no response will be required from Respondents until further order of the Court.

**IT IS THEREFORE ORDERED:**

1. Petitioner Christopher Patterson's Motions for Appointment of Counsel (ECF No. 1-2, ECF No. 4) and IFP Application (ECF No. 6) are GRANTED.

2. The Clerk of Court is directed to FILE Patterson's Petition (ECF No. 1-1).

3. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Patterson or to indicate the office's inability to represent Patterson in these proceedings. If the Federal Public Defender is unable to represent Patterson, the Court will appoint alternate counsel. The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Patterson at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

6. The Clerk of Court will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED: October 17, 2020

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE