# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CHRISTOPHER MICHAEL PATTERSON,

Petitioner,

v.

BRIAN WILLIAMS, SR., et al.,

Respondents.

Case No. 2:20-cv-01267-GMN-NJK

**ORDER**

Petitioner seeks a 60-day extension of time to file and serve an amended petition for writ of habeas corpus. Good cause appearing, IT IS HEREBY ORDERED that Petitioner Christopher Michael Patterson's unopposed fifth Motion for Extension of Time (ECF No. 20) is GRANTED. Patterson has until January 31, 2022, to file an amended petition for writ of habeas corpus.

Habeas actions are civil actions under federal practice and are subject to the reporting requirements of the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq*. The CJRA sets a three-year goal to resolve each civil case on the merits, *id.* § 476(a)(3), and encourages "setting, at the earliest practicable time, deadlines for filing motions and a time framework for their disposition," *id.* § 473(a). Lengthy habeas litigation is generally incompatible with the purposes served by the Antiterrorism and Effective Death Penalty Act ("AEDPA"): finality, efficiency, and comity.

Petitioner initiated this federal habeas proceeding in July 2020. The Court appointed the Federal Public Defender to represent Petitioner in December 2020, and set a deadline of March 2, 2021, for him to file an amended petition or seek other appropriate relief. The new deadline I approve in this order, January 31, 2022, falls 1 year and 6 months after this case began. Based on the lack of progress to date, additional delay may jeopardize the parties' ability to litigate a dispositive motion and brief this case for merits consideration within three years. Any future request for extension of time

regarding the deadline to file the amended petition—even if unopposed—will be carefully scrutinized for good cause in light of the CJRA's three-year goal.

Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED:  December 13, 2021

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE