**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER MICHAEL PATTERSON, | Case No. 2:20-cv-01267-GMN-NJK |
| Petitioner, | |
| v. | **ORDER** |
| BRIAN WILLIAMS, SR., et al., | |
| Respondents. | |

This habeas matter is before the Court on Respondents' third Motion to Extend Time (ECF No. 86). Respondents seek a 14-day extension of time to file their reply in support of their motion to dismiss. On February 28, 2023, the Court granted Respondents a 14-day extension of time to file their reply and warned Respondents that further extensions of time are not likely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extend time allowed despite the exercise of due diligence. (ECF No. 85.)

Habeas actions are civil actions under federal practice and are subject to the reporting requirements of the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471, *et seq.*[1] Given the age of this case and the length of time the motion to dismiss has been pending, Respondents will have **a final extension** until **March 22, 2023,** to file their reply in support of their motion to dismiss. Given the Court's case management responsibilities under the CJRA, moving forward counsel will be required to prioritize the briefing of the motion to dismiss in this case over later-filed matters.

It is therefore ordered that Respondents third Motion to Extend Time (ECF No. 86) is granted in part and denied in part. Respondents have until **March 22, 2023**, to file their reply in

---

[1] The CJRA provides that each United States District Court must develop a civil justice expense and delay reduction plan to facilitate the deliberate adjudication of civil cases on the merits, monitor and improve litigation management, and reduce cost and delay. *See also* Fed. R. Civ. P. 1 (noting the rules should be implemented to "secure the just, speedy, and inexpensive determination" of each case). The CJRA mandates the early and on-going judicial management of case progress. 28 U.S.C. § 473(a).

support of their motion to dismiss.

It is further ordered that counsel must prioritize the briefing of the motion to dismiss in this case over later-filed matters.  **Further extensions of time are not likely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extended time allowed despite the exercise of due diligence.**

DATED: March 14, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE